℠JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Roughton, Michael W.

**DEFENDANTS**
Pouschine Cook Capital Management, LLC, Pouschine Cook Capital Partners II, LP, IGI Holding Corp., International Graphics, Inc., Pouschine, John L., Balzora, Daniel V., Cohen Allen, Moran, Kevin and Lovass, Stephen.

(b) County of Residence of First Listed Plaintiff **Middlesex**
County of Residence of First Listed Defendant **New York, NY**

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Peter M. Burke, Esq. (pburke@lindabury.com)
Lindabury, McCormick, Estabrook & Cooper P.C.
53 Cardinal Drive
Westfield, New Jersey 07091
(908) 233-6800

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 15 U.S.C. 78j(b)
Brief description of cause: Securities Fraud (10b-5), Common Law Fraud, Breach of Employment Contract, etc.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $3,030,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE 9/30/09

SIGNATURE OF ATTORNEY OF RECORD [signature]

09/30/2009

JS 44 Reverse (Rev. 12/07, NJ 1/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**LINDABURY, McCORMICK, ESTABROOK & COOPER, P.C.**
ATTORNEYS AT LAW
53 Cardinal Drive
P.O. Box 2369
Westfield, New Jersey 07091-2369
(908) 233-6800 (phone)
(908) 233-5078 (fax)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Michael W. Roughton,<br><br>Plaintiff,<br><br>vs.<br><br>Pouschine Cook Capital Management, LLC, Pouschine Cook Capital Partners II, LP, IGI Holding Corp., International Graphics, Inc., John L. Pouschine, Daniel V. Balzora, Allen Cohen, Kevin Moran and Stephen Lovass,<br><br>Defendants. | Civil Action No.<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Michael W. Roughton ("Roughton" or the "plaintiff"), by way of Complaint against the defendants herein, says:

1. This action arises, in part, under Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b) and S.E.C. Rule 10b-5, 17 C.F.R. § 240.10b-5 thereunder. One or more of the defendants, directly and indirectly, have made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, and the mails, in connection with the acts, practices, and courses of business complained of herein.

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 over the aforementioned claim.

2287485v1

3. Supplemental jurisdiction over the plaintiff's additional claims exists pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper under 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to the securities claim occurred in New Jersey.

## **FIRST COUNT**

5. On or about July 1, 2006, Roughton became the president of International Graphics, Inc. ("International"), and subsequently received the title of chief executive officer as well.

6. In the latter part of 2007, Pouschine Cook Capital Management, LLC ("Pouschine Cook") entered into negotiations to purchase International through IGI Holding Corp. ("IGI Holding"), a company to be formed in which Pouschine Cook Capital Partners II, LP ("Pouschine Partners"), an affiliate of Pouschine Cook, would be the principal shareholder.

7. In the two months that transpired between Pouschine Cook's October 3, 2007 letter to International regarding acquisition of 100% of the shares of that company and the closing that took place on December 10, 2007, Pouschine Cook and John L. Pouschine ("Pouschine") repeatedly positioned Pouschine Cook and the relationship that Pouschine claimed to have sought with International's management team, including the plaintiff, as one of collaboration between peers focused on the long term health and growth of the business.

8. In support of that relationship, Pouschine Cook and Pouschine stated that investment by the management team in IGI Holding was necessary to align management's interest with the other investors by providing a significant financial incentive toward growing the business of International. Pouschine Cook and Pouschine pressured Roughton that not only he but also the other members of International's management team purchase IGI Holding securities to purportedly ensure that alignment of interest. Although not directly stated by Pouschine, it

2

was implicit in his remarks in the aggregate that a significant investment by Roughton was necessary to secure his continued employment.

9. Pouschine Cook and Pouschine repeatedly promoted their experience, desire and good will to partner with Roughton and the other members of the management team so as to allay any cause for concern over the investment in IGI Holding. IGI Holding, Pouschine Cook and Pouschine advised that Roughton and other members of the management team would each be provided with a promissory note to facilitate their investments.

10. On or about November 14, 2007, a meeting was held amongst Pouschine, Roughton and others to discuss management's investment in IGI Holding. At the meeting Pouschine repeatedly stated that all of the investors would be treated as equals, but gave absolutely no detail regarding how share value would be established.

11. Pouschine Cook and Pouschine subsequently determined that the purchase price would be $100.00 per share, but never gave any reason or rationale for that price or value. No financial documents were ever made available to Roughton or his designee to enable him to appropriately value the IGI Holding shares. Indeed, Pouschine Cook and Pouschine would not provide Roughton with any financial information regarding IGI Holding, stating only that its value was based on the value of International.

12. Pouschine Cook and Pouschine utterly failed to disclose to Roughton the debt that IGI Holding was taking on in connection with the acquisition of International.

13. Pouschine Cook and Pouschine, through their silence, omitted to state material facts that falsely led Roughton to believe that $100.00 per share represented fair value. Roughton was repeatedly assured that he had to trust Pouschine Cook and Pouschine in valuation and other matters if he was going to be part of the team going forward.

14. Moreover, throughout repeated discussions in October, November and December 2007, both by telephone and in person, Pouschine Cook and Pouschine represented that the notes were singularly supported by the underlying IGI Holding stock as collateral.

15. The untrue statements of material facts and omission of material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, were knowing, willful or highly reckless. They were made or omitted to be made both in meetings in New Jersey and by telephone.

16. The deception had as one of its goals a larger investment by Roughton and other members of management in order that Pouschine Cook and Pouschine could more aggressively fund the transaction and invest one and one half million ($1,500,000.00) dollars less of their own funds than had been committed in their letter of intent.

17. Roughton reasonably relied upon the material misrepresentations and omissions of Pouschine and Pouschine Cook. On or about December 10, 2007 he was required to sign a Stockholders Agreement with Pouschine Partners and other individuals and entities, and pursuant thereto he purchased 10,100 shares of IGI Holding for one million ten thousand ($1,010,000.00) dollars. Roughton paid three hundred sixty thousand ($360,000.00) dollars in cash, and the balance in the form of a promissory note payable to IGI Holding in the amount of six hundred fifty thousand ($650,000.00) dollars.

18. On or about June 29, 2009 Roughton was terminated without cause by International and IGI Holding as the president and chief executive officer of International. In connection with that termination, International and IGI Holding contend that IGI Holding is entitled to re-purchase Roughton's stock at five ($5.00) dollars per share pursuant to the Stockholders Agreement.

19. As a consequence, the defendants seek to compel Roughton to sell his shares in IGI Holding for fifty thousand five hundred ($50,500.00) dollars, the same shares for which eighteen months earlier he had paid one million ten thousand ($1,010,000.00) dollars.

20. In addition, the defendants seek repayment of the six hundred fifty thousand ($650,000.00) dollar promissory note and the forfeiture of the three hundred sixty thousand ($360,000.00) dollars cash Roughton paid for the IGI Holding securities.

21. The fraudulent actions and omissions of Pouschine and Pouschine Cook and his termination without cause are the proximate cause of Roughton having lost not only virtually all of his three hundred sixty thousand ($360,000.00) dollar initial investment in IGI Holding, but also of his subjection to the demand for payment of the promissory note for which the underlying collateral has a putative value of fifty thousand five hundred ($50,500.00) dollars.

22. This fraudulent scheme was conceptualized and designed by the defendants to bilk Roughton out of almost one million ($1,000,000.00) dollars. It is a scheme that Roughton has since learned has been perpetrated by Pouschine, and one or more entities that he controls, in prior corporate transaction(s).

WHEREFORE, Roughton demands judgment against Pouschine Cook, Pouschine and IGI Holding for an order:

    a. Mandating the return of Roughton's $360,000.00 investment in IGI Holding;

    b. Voiding Roughton's promissory note in the amount of $650,000.00 to IGI Holding;

    c. Awarding compensatory and treble damages;

    d. Awarding interest, attorney's fees and costs of suit; and

    e. Granting such other and further relief as the Court may deem appropriate or just.

## SECOND COUNT

23. The plaintiff repeats and realleges paragraphs 5 through 24 above as if fully set forth herein.

24. The conduct of Pouschine Cook and Pouschine constitutes common law fraud.

WHEREFORE, Roughton demands judgment against Pouschine Cook, Pouschine and IGI Holding for an order:

   a. Mandating the return of Roughton's $360,000.00 investment in IGI Holding;

   b. Voiding Roughton's promissory note in the amount of $650,000.00 to IGI Holding;

   c. Awarding compensatory and punitive damages;

   d. Awarding interest, attorney's fees and costs of suit; and

   e. Granting such other and further relief as the Court may deem appropriate or just.

## THIRD COUNT

25. The plaintiff repeats and realleges paragraphs 5 through 26 above as if fully set forth herein.

26. Pursuant to the terms of the aforementioned Stockholders Agreement, IGI Holding has the right to repurchase Roughton's shares in that company upon his termination of employment.

27. The Stockholders Agreement provides that the purchase price for Roughton's shares is to be at fair market value of the stock.

28. The Stockholder's Agreement defines fair market value as "the fair market value per share of the applicable class of [IGI Holding stock] as determined by the Board of Directors in good faith, which shall not take into account any minority discount."

29. The defendants Pouschine, Daniel V. Balzora, Allen Cohen, Kevin Moran and Stephen Lovass, along with the plaintiff, comprised the board of directors of IGI Holding in June 2009.

30. The shares of stock in IGI Holding that Roughton had purchased in December 2007 were purportedly valued by the board of directors in June 2009 at $5.00 per share.

31. The board of directors of IGI Holding never held a meeting or acted by unanimous written consent to fix the value of IGI Holding shares at $5.00 per share at any time prior to Roughton having been apprised of that purported value in June 2009.

32. At no time has the fair market value of the subject stock been determined by IGI Holding's board of directors.

33. Alternatively, assuming that the fair market value of the subject shares has been determined by the board of directors, the determination was not, contrary to the express provisions of the Stockholders Agreement, made in good faith.

34. If the board of directors actually fixed a value of $5.00 per share, the board has acted in bad faith.

35. The purported valuation of $5.00 per share is the product of financial chicanery and machinations by the defendants to deprive Roughton of the fair market value of his investment in IGI Holding.

36. The defendants have breached the terms of the Stockholders Agreement. By virtue of that breach, Roughton has sustained damages.

WHEREFORE, Roughton demands judgment against Pouschine, Daniel V. Balzora, Allen Cohen, Kevin Moran and Stephen Lovass for an order:

    a. Awarding compensatory and punitive damages;

    b. Awarding interest, attorney's fees and costs of suit; and

    c. Granting such other and further relief as the Court may deem appropriate or just.

## FOURTH COUNT

37. The plaintiff repeats and realleges paragraphs 5 through 38 above as if fully set forth herein.

38. The defendants have acted in concert, combined, conspired or ratified the conduct of the others to inflict financial harm upon Roughton by improperly fixing, or claiming to have fixed, a value of $5.00 per share on the stock owned by him and IGI Holding.

39. As a result of that wrongful conduct, Roughton has sustained damages.

WHEREFORE, Roughton demands judgment against Pouschine Cook, Pouschine Partners, IGI Holding, International, Pouschine, Daniel V. Balzora, Allen Cohen, Kevin Moran and Stephen Lovass for an order:

    a. Awarding compensatory and punitive damages;

    b. Awarding interest, attorney's fees and costs of suit; and

    c. Granting such other and further relief as the Court may deem appropriate or just.

## FIFTH COUNT

40. The plaintiff repeats and realleges paragraphs 5 through 41 above as if fully set forth herein.

41. There is implied in every contract, including the Stockholders Agreement, an implied covenant of good faith and fair dealing. The defendants have breached that covenant.

42. As a consequence of that breach, Roughton has sustained damages.

WHEREFORE, Roughton demands judgment against IGI Holding, Pouschine Capital, Pouschine, Daniel V. Balzora, Allen Cohen, Kevin Moran and Stephen Lovass for an order:

8

a. Awarding compensatory and punitive damages;

b. Awarding interest, attorney's fees and costs of suit; and

c. Granting such other and further relief as the Court may deem appropriate or just.

## SIXTH COUNT

43. The plaintiff repeats and realleges paragraphs 5 through 44 above as if fully set forth herein.

44. The shareholders and board members of IGI Holding owe a fiduciary duty to the plaintiff.

45. By their wrongful conduct, the defendants have breached their fiduciary duty owed to Roughton.

46. As a consequence of their breach of fiduciary duty, Roughton has sustained damages.

WHEREFORE, Roughton demands judgment against Pouschine Capital, Pouschine, Daniel V. Balzora, Allen Cohen, Kevin Moran and Stephen Lovass for an order:

a. Awarding compensatory and punitive damages;

b. Awarding interest, attorney's fees and costs of suit; and

c. Granting such other and further relief as the Court may deem appropriate or just.

## SEVENTH COUNT

47. The plaintiff repeats and realleges paragraphs 5 through 48 above as if fully set forth herein.

48. By virtue of their wrongful conduct, the defendants have been unjustly enriched and have caused Roughton to be damaged thereby.

2287485v1

WHEREFORE, Roughton demands judgment against Pouschine Cook, Pouschine Partners, IGI Holding, International, Pouschine, Daniel V. Balzora, Allen Cohen, Kevin Moran and Stephen Lovass for an order:

a. Awarding compensatory and punitive damages;

b. Awarding interest, attorney's fees and costs of suit; and

c. Granting such other and further relief as the Court may deem appropriate or just.

### EIGHTH COUNT

49. The plaintiff repeats and realleges paragraphs 5 through 50 above as if fully set forth herein.

50. Pursuant to the terms of the Employment Agreement, upon his termination without cause Roughton is to receive, for an eighteen (18) month period commencing on the date of his termination, an aggregate amount equal to 150% of his annual base salary, payable in equal installments on Roughton's regular salary payment dates. He is also to receive an additional amount equal to the annual bonus he would have been entitled to receive for the fiscal year 2009 multiplied by the percentage of the then current fiscal year elapsed prior to his separation, which amount is to be payable in a lump-sum at substantially the same time as the annual bonuses for that fiscal year are paid to other executives of International. In addition, Roughton is to be reimbursed by International for the cost of COBRA coverage and certain other expenses incurred by him, including up to $10,000.00 for career transition services.

51. Roughton has received none of the severance benefits to which he is entitled.

52. The failure to pay those benefits is a breach of contract.

53. Moreover, the failure to pay Roughton's severance salary payments is a violation of the New Jersey Wage Payment Law.

54. Roughton has sustained damages by reason of that wrongful conduct.

WHEREFORE, Roughton demands judgment against IGI Holding and International for an order:

    a. Awarding his contractually mandated severance benefits;

    b. Awarding compensatory and punitive damages;

    c. Awarding interest, attorney's fees and costs of suit; and

    d. Granting such other and further relief as the Court may deem appropriate or just.

## NINTH COUNT

55. The plaintiff repeats and realleges paragraphs 5 through 56 above as if fully set forth herein.

56. The defendants have acted in concert, combined, conspired or ratified the conduct of the others to inflict financial harm upon Roughton by improperly depriving him of his severance benefits, including his severance salary payments mandated by law.

57. As a result of that wrongful conduct, Roughton has sustained damages.

WHEREFORE, Roughton demands judgment against Pouschine Cook, Pouschine Partners, IGI Holding, International, Pouschine, Daniel V. Balzora, Allen Cohen, Kevin Moran and Stephen Lovass for an order:

    a. Awarding his contractually mandated severance benefits;

    b. Awarding compensatory and punitive damages;

    c. Awarding interest, attorney's fees and costs of suit; and

    d. Granting such other and further relief as the Court may deem appropriate or just.

2287485v1

## TENTH COUNT

58. The plaintiff repeats and realleges paragraphs 5 through 59 above as if fully set forth herein.

59. International and IGI Holding have breached the implied covenant of good faith and fair dealing implicit in the aforementioned Employment Agreement.

60. By virtue of that breach, Roughton has sustained damages.

WHEREFORE, Roughton demands judgment against International and IGI Holding for an order:

    a. Awarding his contractually mandated severance benefits;

    b. Awarding compensatory and punitive damages;

    c. Awarding interest, attorney's fees and costs of suit; and

    d. Granting such other and further relief as the Court may deem appropriate or just.

## ELEVENTH COUNT

61. The plaintiff repeats and realleges paragraphs 5 through 62 above as if fully set forth herein.

62. By virtue of their wrongful conduct, the defendants have been unjustly enriched and have caused Roughton to be damaged thereby.

WHEREFORE, Roughton demands judgment against Pouschine Cook, Pouschine Partners, IGI Holding, International, Pouschine, Daniel V. Balzora, Allen Cohen, Kevin Moran and Stephen Lovass for an order:

    a. Awarding his contractually mandated severance benefits;

    b. Awarding compensatory and punitive damages;

    c. Awarding interest, attorney's fees and costs of suit; and

2287485v1

d. Granting such other and further relief as the Court may deem appropriate or just.

>LINDABURY, McCORMICK, ESTABROOK
>& COOPER, P.C.
>Attorneys for Plaintiff
>
>By: /s/ Peter M. Burke
>Peter M. Burke
>
>**LINDABURY, McCORMICK, ESTABROOK &
>COOPER, P.C.**
>ATTORNEYS AT LAW
>53 Cardinal Drive
>P.O. Box 2369
>Westfield, New Jersey 07091-2369
>(908) 233-6800 (phone)
>(908) 233-5078 (fax)

Dated: September 30, 2009

## JURY DEMAND

The plaintiff demands a trial by jury on all issues so triable.

>LINDABURY, MCCORMICK, ESTABROOK
>& COOPER, P.C.
>Attorneys for Plaintiff
>
>By: /s/ Peter M. Burke
>Peter M. Burke

Dated: September 30, 2009

2287485v1