# DrinkerBiddle&Reath
### L L P

Frank F. Velocci
973-549-7078 Direct
frank.velocci@dbr.com

Law Offices

500 Campus Drive
Florham Park, NJ
07932-1047

973-360-1100 phone
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

November 3, 2009

**Via Overnight Mail & ECF**

Honorable Patty Shwartz, US.M.J.
Martin Luther King, Jr. Federal Building & U.S. Courthouse
United States District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

      Re:  **Roughton v. Pouschine Cook Capital Management, LLC, et al.
Case No. 2:09-CV-05034-KSH-PS**

Dear Judge Shwartz:

      We write on behalf of all defendants to request a telephone conference and permission to file a motion to dismiss plaintiff's Complaint.

      The basis of the motion is that the Complaint fails to state a claim for securities fraud, which forms the sole basis for federal jurisdiction over the action. As a result, the Court should decline supplemental jurisdiction over Plaintiff's remaining state law claims and dismiss the Complaint.

      All of Plaintiff's claims follow his termination as President and CEO of defendants IGI Holding Corp. ("IGI") and International Graphics, Inc. ("International"), approximately eighteen months after the acquisition of International by Pouschine Cook Capital Partners II, LP ("Pouschine Partners"), an affiliate of defendant Pouschine Cook Capital Management, LLC, ("Pouschine Cook"). *See* Compl. ¶¶ 6, 18-19.

      The core of Plaintiff's purported securities fraud claim is his assertion that he was induced to purchase stock in IGI at the price of $100 per share, but that defendants John Pouschine and Pouschine Cook allegedly failed to disclose the debt that IGI was taking on in connection with the acquisition of International. *See id.* ¶¶ 11, 12. Plaintiff also alleges that he was denied financial information regarding IGI. *See id.* ¶ 11.

      In fact, documents referenced in the Complaint demonstrate that the debt used to finance the acquisition of International was expressly disclosed, and that Plaintiff received all the documents, books and records pertaining to an investment in IGI that he asked for. These documents further indicate that Plaintiff had a reasonable opportunity to ask questions, and received answers to Plaintiff's satisfaction.

      Plaintiff also alleges that he was told that a $650,000 promissory note he signed was "singularly supported by" the underlying IGI stock as collateral for the loan. *See id.* ¶¶ 14, 20. To the extent Plaintiff is claiming that he was told the promissory note

*Edward A. Gramigna, Jr.
Partner responsible for
Florham Park Office*

Established 1849

DrinkerBiddle&Reath
LLP

Honorable Patty Shwartz, US.M.J.
November 3, 2009
Page 2

was non-recourse (that is, that the maker would look solely to the collateral for repayment of the loan), that claim is belied by the terms of the note, which is also referenced in the Complaint and, thus, properly considered on a motion to dismiss.

On the facts alleged, there are at least three reasons why the Complaint fails to state a securities fraud claim under Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

First, the Complaint fails to plead any false or misleading statement or omission of material fact with the particularity required by the Private Securities Litigation Reform Act, or PSLRA.

Second, the Complaint fails adequately to plead loss causation. That is, Plaintiff fails to allege facts sufficient to support a plausible inference that any decline in the value of his shares was *caused* by a fraudulent statement or omission.

Third, the Complaint fails to allege facts sufficient to support a cogent and compelling inference that any defendant acted with scienter, as required by the PSLRA.

\* \* \*

As required by Your Honor, we respectfully request a telephone conference. Counsel for all parties are available on November 10, 2009.

Respectfully,

Frank F. Velocci

cc: Howard O. Godnick, Esq. (via electronic mail)
Christopher H. Giampapa, Esq. (via ECF only)
Peter M. Burke, Esq. (via ECF only)